OWINGS, FOR THE USE OF FARRELLY, *against* FINLEY, ADM'R OF OAKLEY.

ERROR *to Hempstead Circuit Court.*

In requiring of non-residents a bond for costs before the institution of a suit by them, it was the object of the Legislature to secure to the officers of the court their costs in the case, *at all events.*

Therefore, a bond, conditioned that if the "plaintiff shall maintain his said action, or if judgment shall be given against him, he shall well and truly pay all the costs of suit, which he shall be liable to pay," then to be void, is insufficient, and not such as the statute requires.

Whatever may be the result of an action, commenced by one who is not a resident, the obligation of some responsible person must be first filed that he will pay "all the costs which may accrue therein," subject to no contingency.

After a *scire facias* had been issued and executed upon an administrator, and a motion was made by plaintiff's counsel to revive the suit against him, a motion by the administrator to dismiss the suit, for want of sufficient bond for costs, might be properly made.

This suit was originally instituted against Oakley, Finley's intestate. On the 31st day of July, 1839, a bond for costs and declaration was filed: on the same day the writ issued; upon which, until the *fourth* day *after* the suit was dismissed, was the following return: "Executed, &c. July 31, 1839, by, &c. *Ro. H. Conway, D. S.*"

The writ was returnable to October term, 1839. At that term no step was taken, whatever, in the cause. At an adjourned term held in November, 1839, the suit abated by the death of Oakley, and a *scire facias* was ordered to issue against Finley, as his administrator, returnable to the next term. This sci. fa. was executed in due time, by reading, in Ozan Township.

At the return term, on the 8th of April, 1840, Finley moved to dismiss the suit, for want of a sufficient bond for costs.

On the *next day*, April 9th, the plaintiff filed his motion to revive the suit, and also his motion for leave to file a new bond for costs: and the defendant filed his motion to dismiss the suit, because there was no sufficient service of the original writ.

On the 10th day of April, the plaintiff admitted on the record that Owings and Farrelly were both non-residents—and thereupon the motion to dismiss, for want of a sufficient bond, was sustained.

Owings, for the use of Farrolly, *against* Finley, Adm'r of Oakley.

On the 11th of April the defendant moved to strike from the files a new bond for costs put among the papers by the plaintiff.

On the 13th of April the plaintiff filed his bill of exceptions.

On the 14th of April the plaintiff obtained leave for the Sheriff to amend his return, on the original writ, by inserting the name of the Principal Sheriff and the word "by," before the the name of *Ro. H. Conway, D. S.*

The bill of exceptions sets out the defendant's first motion to dismiss, the plaintiff's motion for leave to amend his bond for costs or file a new one, a new bond tendered by the plaintiff, all *in hæc verba;* and then states that the court permitted the new bond to be filed, and sustained the motion to dismiss.

TRIMBLE, for plaintiff in error:

On the motion of Finley to dimiss this suit for want of sufficient bond for costs, the plaintiff insists that the bond filed before the commencement of this suit was a good bond; but if not, Finley had no right to make any motion in the case; he was not, at that time, a party to the suit, no order having been taken substituting him as a defendant, at the time of filing his motion; nor was he, at any time afterwards, substituted as defendant. On the fourth day of the term a motion was made to revive the suit in his name, but not acted on by the court at that term. On the said fourth day the plaintiff filed a new and good bond for costs; this he had a right to do. *Sec. 1 Ark.* 250, *Means vs. Cromwell.* In this case the suit is dismissed, and judgment rendered in favor of Finley, who was not a party to the suit, and who never did become a party to the suit, he never having been substituted as a party.

In this case the following points are submitted:

First: The original bond for costs substantially complies with the statute.

Second: The motion, filed by Finley on the third day of the court, was a void, vain act, for at that time he had not been made a party to the suit, and had no right to make any motion in reference thereto before he had been made a party, and his name substituted on the

18

record, by order of the court, as defendant therein.   See *Rev. Stat. Ark.* 59, *sec.* 10.   The filing of the motion by said Finley did not make him a party to the suit.

Third: On the fourth day of the court, and before the said motion to dismiss for want of bond for costs was raised, the plaintiff filed a new and sufficient bond for costs.   *Means vs. Cromwell,* 1 *Ark.* 247; 1 *Mo. Rep.* 638 *and* 9, *Gov. of Mo. vs. Ruton;* *Boggs vs. Lawning,* *ib.* 261; *Brown vs. Ravenscroft,* *ib.* 397; *Hardin's Rep.* 172, 640.

Amendments are favored.   *Rev. Stat. Ark.* 634, *sec.* 112.

Fourth: Said motion to dismiss was not made in due time.. It is true that the motion was filed on the third day, but was not actually made until the fifth day.   This *is* matter in abatement only; *Means vs. Cromwell,* 1 *Ark.* 250, and the authority there cited.   If this matter had been presented by plea in abatement, the filing of the plea on the third day would have been good, and the subject could not have been called before the court until the cause was regularly called on the docket; but not so when the objection to the bond for costs was taken by motion, for the motion could have been made before the court on any of the first three days, as, by our practice, motions are called for on each morning of the court; this motion could, therefore, and ought to have been made, on or before the third day of the term.   To file a motion *is not to make a motion.*

Fifth: The motion to dismiss *was not made until the fifth day of* the term, when the suit was dismissed, and a judgment for costs in favor of Finley.   If, at this time, Finley was a party to said suit, he was bound to plead to the merits, on or before the calling of the cause; consequently, this motion ought to have been made and disposed of before that time.   If Finley was not a party to the suit, (which he was not,) the court erred in entertaining said motion, in dismissing said suit, and in entering judgment in favor of Finley for costs.

On the 6th day of the term, and after said suit was dismissed, the court, on the motion of Finley, ordered that *the new* bond of plaintiff's be struck from the files of the court.   This was *coram non judice.*   The subject matter and the parties were all from before the court.

For the above reasons, the said plaintiff asks that the judgment be reversed, and that he be allowed to proceed with his suit, on the bond by him filed.

PIKE, *Contra:*

There is but one question presented by the record in this case. It is, whether the court erred in dismissing the suit?

But, in this, several minor questions are involved:

*First:* Was the bond for costs good?

*Second:* Ought the suit, in any event, to have been dismissed, until the administrator had answered to the scire facias, or until there had been an order reviving the suit?

*Third:* Ought the plaintiff to have been allowed to file another bond for costs?

*Fourth:* Was there any other ground on which the suit should have been dismissed?

On this bill of exceptions it is only necessary to remark, first: that it was not filed "*at the trial*," nor "while the thing was transacting." It does not contain, in itself, intrinsic evidence that the exception was taken and reserved while the thing was transacting, or the matter excepted to was passing before the court. Second: it contains a statement of facts other than those transacting in the court, or properly before it when the exceptions were taken and reserved. According to the decision of this court, therefore, in *Lyon vs. Evans,* 1 *Ark.* 359, there is no single fact, stated in this bill of exceptions, which is legally the subject of the bill or property inserted in it; and, therefore, this whole bill of exceptions constitutes no part of the record of the cause. And third: no bill of exceptions is allowable under such circumstances, any more than it is allowable upon a decision on a demurrer, because the record itself shows, or ought to show, all the facts desired to be presented by the bill of exceptions. A bill of exceptions only lies to incorporate in the record and present to the appellate court facts which would not otherwise appear in the record. In the present case the record shows every thing incorporated in the exceptions, except the form of the offered bond for costs, which has no business in the bill of exceptions, as this court would presume that the plaintiff offered

to file a good bond. See, on this subject, *Law vs. Merrils*, 6 *Wend.* 268; *Shepherd vs. White*, 3 *Cowen* 33; *Midberry vs. Collins*, 9 *J. R.* 345; *People vs. Dalton*, 15 *Wend*. 531; 2 *Sumn*. 106.

The bill of exceptions is therefore entirely out of the record.

Let us examine then, first, whether the original bond for costs was a good one, for if it was the suit was wrongly dismissed. This suit was commenced after the Revised Statutes were in force, by which it is provided that in every case where the plaintiff, or person for whose use the action is brought, shall, *before he institutes such suit*, file in the Clerk's office the *obligation* of some responsible person, being a resident of this State, by which *he* shall acknowledge himself bound to *pay all* costs which may accrue on said action. *Rev. Stat.* 201, *sec.* 1.

The condition of the obligation originally filed in this case was, that if Owings should maintain his action, or if judgment should be given against him, he should well and truly pay all costs of suit which he should be liable to pay, then to be void. Now it is perfectly manifest that this is no obligation given by a person resident in the State, by which he acknowledges himself bound to pay all the costs that may accrue in the suit. Nor does it even bind the actual plaintiff, the person for whose use the suit is brought, to pay the costs. It is the bond of Samuel Moore alone, because it is signed " Edward Farrelly, [seal] by Henry Cheatham," and if it were not, the bond itself shows that Farrelly was a non-resident. Moore, therefore, gave no bond acknowledging himself to be bound to pay all costs which might accrue.

We contend, therefore, that the bond was insufficient. But the plaintiff in error contends that the motion filed by Finley " was a void, vain act, for at that time he had not been made a party to the suit, and had no right to make any motion in reference thereto, before he had been made a party, and his name substituted on the record, by order of the court, as defendant therein."

To sustain this novel position, the counsel refer to page 59 of the Revised Statutes, section 10, and contend that the filing of the motion by Farrelly did not make him a party to the suit. It is difficult to perceive in what manner these conclusions are drawn from that section. It merely provides that an heir, administrator, &c., of a sole

party defendant, may be substituted as defendant, on the application of the plaintiff, and by order of the court. Section 16 provides that such order shall be made, either on the voluntary appearance of the party, or by order of court, after he has been served with a scire facias. The scire facias is to correspond as nearly as practicable with the original writ, and be executed and returned in the same manner.

This scire facias being served and returned, Finley appears and shows cause why the suit should not proceed against him, by moving to dismiss it. If he had been made a party, his motion to dismiss would have been too late; and it might as well have been said that if the suit had been in the first instance commenced against him as administrator, he could not have moved to dismiss for want of a bond for costs, until after appearance.

Let us examine, in the second place, the decision of the court refusing to permit him to file a new bond. The plaintiff's brief says that on the fourth day of the term the *new* and sufficient bond for costs was *filed*. It says also that on the 6th day of the term the court ordered the new bond to be stricken from the files. Both these are mistakes. The new bond never was filed, by leave of the court, so as to become a part of the record. It was put among the papers, but the bill of exceptions itself shows that the court refused to permit it to be filed. Nor did the court ever decide on the motion to strike it from the files.

After the motion to dismiss was filed, the court had no discretion. What says the statute? " If any such action shall be commenced without filing such obligation, the Circuit Court *shall*, on motion, dismiss the same, and the attorney for the plaintiff *shall* be ruled to pay the costs accruing thereon." *Rev. Stat. ch. Costs, sec.* 2. This language is peremptory, and admits of no double construction. The filing of such a bond is made by it a condition precedent to the issuing of the writ, and unless the Circuit Courts undertake to legislate, they must obey the mandate of the law. Decisions in other States, upon other statutes, have no bearing upon this subject, which must be governed simply by the language of the law.

This court has said that the objection is matter in abatement, under the Revised Statutes, and that the motion must be made in the same

time as a plea in abatement, and is governed by the same rules.   If *it is*, then, when the motion was made, it precluded the possibility of subsequently filing a new bond, according to the decision in *Means vs. Cromwell.*

But again the novel position is assumed that "to *file* a motion, is not to *make* a motion." If filing a motion, and entering such filing upon the record, is not making a motion, what is making a *motion?*   Is filing a plea, and noting it on the record, pleading to the action?

Further the record shows that until three or four days after the suit was dismissed, there was no valid service of the original writ upon the record, and therefore the second motion of the defendant, to dismiss for want of service of the writ on Oakley, ought to have prevailed.

There being no showing on the record that Oakley had ever been summoned, certainly his administrator could not be compelled to answer on scire facias, and the suit ought, in any event, to have been dismissed.

Dickinson, *Judge,* delivered the opinion of the court:

The first section of the act, (*Rev. Stat.* 211,) relating to costs, provides, that "when the plaintiff or person, for whose use the action is commenced, shall not be a resident of the State, the plaintiff or person, for whose use the action is about to be commenced, shall, before he institutes such suit, file, in the office of the Clerk of the Circuit Court in which it is to be commenced, the obligation of some responsible person, being a resident of the State, by whom he shall acknowledge himself bound to pay all costs which may accrue in such action;" and the second section declares, "that if such action shall be commenced, without filing such obligation, the Circuit Court shall, on motion, dismiss the same, and the attorney for the plaintiff shall pay the costs accruing thereon."   It is admitted upon the record that both Owings ond Farrelly were non-residents at the time this suit was instituted.   The bond filed was conditioned, that if the said Owings "shall maintain his said action, or if judgment shall be given against him, he shall well and truly pay all costs of suit, which he shall be liable to pay," then to be void.   The Circuit Court correctly decided that the condition did not conform to the statute, inasmuch as the par-

ties were not bound to pay "all costs which may accrue in the said action." There is a material difference between the condition of the bond required by the statute, and the one filed. By the former, if judgment was obtained by the plaintiff, and the costs could not be made of the defendant, he and his security would be bound for it. In the latter, in the event that "he could not maintain his action, or that judgment was given against him."

One object of the Legislature in requiring the bond to be conditioned for the payment of " all costs which may accrue," is to secure the officers of the court; for though judgment might be against the defendant, yet if the costs could not be made out of him, such a bond as the plaintiff filed would, by no means, fulfil that object. There can be no objection as to the time at which the motion was made, for, previous thereto, a writ of scire facias had been issued, and executed on the administrator of Oakley, and a motion made by the plaintiff's counsel to revive the suit against him.

The bill of exceptions does not, in the present instance, appear to have been tendered at the trial; nor were the exceptions taken and reserved while the matter was passing in the court; but to have been drawn up and signed several days after the case had actually been decided, and when there was no suit properly before the court. It cannot, therefore, be considered as forming any part of the record, and must in accordance with the principles laid down in case of *Lyon vs. Evans*, 1 *Ark.* 359, be entirely disregarded. The judgment of the Circuit Court, must, therefore, be affirmed with costs.